# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARION LAMONT SHERROD, )
)
      Plaintiff, )
)
      v. )   1:07CV00028
)
LT. R.B. KING, Chief Jailer, & )
ROCKINGHAM COUNTY JAIL, )
)
      Defendants. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendants' Motion to Dismiss [docket no. 10]. *Pro se* Plaintiff Marion Lamont Sherrod filed this Title 42 U.S.C. § 1983 action against Defendants King and the Rockingham County Jail for injuries Plaintiff alleges he sustained from a fall while detained at the jail. Defendants have moved to dismiss the complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim. Plaintiff has responded to the motion and the matter is ripe for disposition. Since the parties have not consented to the jurisdiction of a magistrate judge, I must deal with the motion by way of a recommendation. For the following reasons, it will be recommended that the court deny Defendants' motion to dismiss.[1]

---

[1] Notwithstanding that Defendants' motion to dismiss for failure to state a claim should not be granted, the court *sua sponte* elects to screen this matter pursuant to 28 U.S.C. § 1915A for additional grounds for dismissal not advanced in the motion. In order to state a claim under § 1983, a plaintiff must establish that he was deprived of the rights secured by the Constitution or laws of the United States, and "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although the question was not raised by Defendants, because the jail is not a legal entity capable of being sued, the Rockingham County Jail is not a

The standard which governs the court's analysis in ruling on a motion to dismiss for failure to state a claim provides that the purpose of the motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). The standard, therefore, requires that the court must accept all factual allegations in a complaint as true and take them in the light most favorable to a plaintiff. *Erickson v. Pardus*, 127 S. Ct. 2197 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). In order for a plaintiff to satisfy the pleading requirements of Rule 8(a)(2), his complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Erickson*, 127 S. Ct. at 2200; *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted); *see also Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761,

---

proper defendant in this § 1983 action. Thus, the claim against the jail should be dismissed. *See Tate v. Alamance County Jail*, No. 1:06CV246, 2007 WL 2156319, at *1 (M.D.N.C. July 26, 2007).

765 (4th Cir. 2003) (in a hostile work environment claim, court held that "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief") (emphasis in original). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Bell Atlantic*, 127 S. Ct. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. *Id.* Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiff alleges that the conditions of the showers at the jail were "hazardous" and that Defendant King was deliberately indifferent to those conditions. Confinement conditions of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). As a practical matter, however, courts do not distinguish between the Eighth and Fourteenth Amendments in the context of a pretrial detainee's § 1983 claim. *Hill v. Nicodemus*, 979 F.2d 987, 990-92 (4th Cir. 1992). An official's "'deliberate indifference' to "a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). An Eighth

3

Amendment deliberate indifference claim has both an objective and a subjective component. *Id.* at 834. The first, objective prong requires a plaintiff to prove that a defendant's action or inaction resulted in or created a significant risk of harm. *Id.* The subjective prong requires a plaintiff to prove that a defendant was "aware of facts from which the inference could be drawn that a substantial risk of harm exist[ed] and [that defendant drew] the inference." *Id.* at 837. Deliberate indifference is a high standard, requiring more than a showing of mere negligence. *Young v. City of Mount Rainier*, 238 F.3d 567, 576 (4th Cir. 2001). The application of these principles follows.

Accepting Plaintiff's allegations as true, he has articulated a colorable Fourteenth Amendment claim against Defendants. In other words, Plaintiff's allegations "raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1959. The complaint states:

> 2. [D]uring the first 3 months of confinement [at Rockingham County Jail], plaintiff submitted written grievances about the dangerous and unsanitary conditions of the shower stall.
>
> 3. Nothing was ever done to rectify the absence of a shower mat or cleaning supplies.
>
> 4. On or about 2-09-04 as a direct result of the defendants failure to provide cleaning supplies or a shower mat, the plaintiff slipped and fell in the shower.
>
> 5. The plaintiff suffered head and back damage as a result of that fall.
>
> \*\*\*

4

8. Defendant was deliberately indifferent to the danger of the filthy conditions of his jails shower stalls or the hazardous conditions of not have safety measures in a[n] elevated and dangerous area.

(Compl. 3.) Defendants argue that Plaintiff's claim is nothing more than an "inmate slip and fall case based upon allegations of negligence on the part of the jail ... staff" and therefore not cognizable under § 1983. To be sure, there are countless inmate slip and fall cases which have been dismissed on such a basis. The allegations at this point, and again, those allegations must be accepted as true, are not quite as simple and straightforward as Defendants contend, however. Plaintiff has pled not merely negligence on the part of Defendants, but deliberate indifference to a known unsafe condition. His allegations go beyond a slippery prison shower floor, for he alleges "dangerous and unsanitary conditions" in the shower which were not rectified by jail officials even after being informed of them over a three month period. As such, and taking the allegations in the light most favorable to Plaintiff, as the court must, Plaintiff has stated a colorable claim for unsafe conditions under the Eighth and Fourteenth Amendments. Plaintiff undoubtedly may face other evidentiary and legal obstacles in proving his claim, but at this stage of the proceeding, "the case ... cannot be dismissed on the ground that [Plaintiff's] allegations of harm were too conclusory to put these matters in issue." *Erickson*, 127 S.Ct. at 2200. In light of the specific allegations with regard to the condition of the showers at the jail, dismissal for failure to state a claim is not proper.

5

## CONCLUSION

Based upon the foregoing, it is Recommended that Defendants' motion to dismiss for failure to state a claim [docket no. 10] be **DENIED**. It is further Recommended that Rockingham County Jail be dismissed as a party-defendant to this action.

_____
Wallace W. Dixon
United States Magistrate Judge

August 3, 2007