# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARION LAMONT SHERROD, | ) | |
| | ) | |
| Plaintiff, pro se, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| LIEUTENANT R.B. KING, | ) | 1:07CV28 |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion for summary judgment [docket no. 43]. Also pending before the court are Plaintiff's motions to amend his complaint [docket nos. 59, 61, 71, and 77], for a temporary restraining order [docket no. 64], as well as his motion for court appointed counsel [docket no. 63]. Pro se Plaintiff Marion Lamont Sherrod filed this Title 42 U.S.C. § 1983 action against Defendant R.B. King for injuries Plaintiff alleges he sustained from a fall while detained at Rockingham County Jail. Defendant has moved for summary judgment pursuant to FED. R. CIV. P. 56. Plaintiff has responded in opposition to the motion, and the matter is ripe for disposition. Plaintiff has moved to amend his complaint, to receive a temporary restraining order, and to have court-appointed counsel. Defendant has responded in opposition to Plaintiff's various motions; and thus, they are also ripe for disposition. Since the parties have not consented to the jurisdiction of a magistrate judge, I must deal with Defendant's motion for summary judgment and Plaintiff's request for a temporary restraining order by way of a recommendation.

For the following reasons, it will be recommended that the court grant Defendant's motion for summary judgment and deny Plaintiff's request for a temporary restraining order. In addition, Plaintiff's motions to amend his complaint and for appointment of counsel are denied.

**Procedural Posture**

On January 5, 2007, Pro se Plaintiff Marion Lamont Sherrod filed the instant action against Defendants R.B. King and Rockingham County Jail [the jail] [docket no. 2]. In his complaint, Plaintiff alleged that Defendants violated his Eighth Amendment rights by failing to respond to his grievances related to the conditions of the jail's shower stalls. On May 21, 2007, Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted [docket no. 10]. Subsequently, this court issued a recommendation that denied Defendants' motion to dismiss, but dismissed the jail from the action [docket no. 16]. On April 18, 2008, the District Court adopted the recommendation [docket no. 24]. On August 6, 2008, this court issued a scheduling order and pursuant to that order, discovery in this matter closed on December 8, 2008. On January 8, 2009, Defendant filed a motion for summary judgment [docket no. 43] and on February 4, 2009, Plaintiff replied in opposition to Defendant's motion [docket no. 47]. Plaintiff has also made numerous motions for appointment of counsel; all of which have been denied [docket nos. 21, 31, 37 and 52]. Pending before the court at present are Defendant's motion for summary judgment [docket no. 43], Plaintiff's four motions to amend [docket nos.

59, 61, 71 and 77], Plaintiff's request for a temporary restraining order [docket no. 64], and Plaintiff's fifth request for appointment of counsel [docket no. 63].

**Facts**

Plaintiff Marion Lamont Sherrod ("Plaintiff") was incarcerated in the Rockingham County Jail from December 2003 until April 2004 as a pretrial detainee awaiting trial for a series of armed bank robberies committed in 2002. Upon admission to the jail, jail staff provided Plaintiff with a number of items, including shower shoes, a toilet brush, and a container of Ajax. The jail charges its inmates with the responsibility to clean its showers. Plaintiff alleges that the unsanitary conditions of the jail's shower stalls posed a significant risk of injury to the inmates. Plaintiff further alleges that he filed a number of grievances regarding the hazardous condition of the shower stalls with Defendant R.B. King ("Defendant"). At all times relevant to the action, Defendant was an officer with the Rockingham County Sheriff's Department and served as a shift administrator at the jail. Defendant handled much of the jail's paperwork. On February 9, 2004, while drying off after a shower, Plaintiff slipped and fell in one of the jail's shower stalls. Plaintiff claimed that the "slick, scummy surface" of the shower stall caused his fall. Emergency personnel were called to the scene, and Plaintiff was taken to the local hospital for treatment. Plaintiff claims that he suffers from headaches, seizures, and back pain as a result of his fall.

**Plaintiff's Motion to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). In *Foman v. Davis*, the Supreme Court outlined a list of factors relevant to consideration of a motion to amend:

> If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

371 U.S. 178, 182 (1962). Thus, while permission to amend is generally liberally granted, amendments that cannot withstand a motion to dismiss are futile and, as a result, the court may deny the motion to amend. *See id.*

Plaintiff has four motions to amend pending before the court. In the first [docket no. 59], Plaintiff seeks to supplement his claim with evidence of recent sick calls and grievances filed with various correctional facilities in which he has resided since filing his original complaint. In the second [docket no. 61], Plaintiff seeks to add Sheriff Sam Page as a defendant to the instant action based on Sheriff Page's position as supervisor of Rockingham County Jail while Plaintiff was incarcerated there. Plaintiff also seeks to add an additional claim of medical malpractice against the staff of the jail. In Plaintiff's third request [docket no. 70], he seeks to add

4

Captain Steele as a defendant to the action, also based upon his position as a supervisor of the jail. In the fourth [docket no. 77], Plaintiff seeks to add Dr. Bumgarner as a defendant to the action based on Dr. Bumgarner's supervisory position over the jail's medical staff.

Plaintiff's first motion to amend [docket no. 59] fails to add any new claims or defendants to the action. In fact, his proposed amendments are nothing more than facts that have questionable relevancy to his claim. The court is aware that Plaintiff is proceeding pro se and is thus deserving of a certain degree of leniency; however, Plaintiff's proposed amendments fail to substantively enhance his claim in any manner. Even if this court granted Plaintiff's motion to amend, summary judgment would still be granted in favor of the Defendant for the reasons outlined below. As such, Plaintiff's first motion to amend is futile, and thus is denied.

In Plaintiff's second motion to amend [docket no. 61], he requests leave of this court to add Sheriff Sam Page as a defendant in the action and also seeks to add a claim for medical malpractice against the jail staff. Both amendments are futile as a matter of law, as neither could survive a motion to dismiss. Plaintiff seeks to add Sheriff Page as a defendant based solely upon his position as supervisor of the jail. Such an amendment is futile, as respondeat superior alone cannot form the basis for a claim arising under Section 1983. *See City of Canton v. Harris,* 489 U.S. 378, 392 (1989); *Gordon v. Kidd*, 971 F.2d 1087, 1097 (4th Cir. 1992). Likewise, Plaintiff's claim for medical malpractice is not cognizable under Section 1983 and is also

5

therefore futile as a matter of law.  *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also, HCMF Corp. v. Allen*, 238 F.3d 273, 277 (4th Cir. 2001) (proposed amendment was futile where the claim was not legally cognizable).  As such, Plaintiff's second pending motion to amend is denied.

In Plaintiff's third motion to amend [docket no. 71], he seeks to add Captain Steele, an official with supervisory authority over Rockingham County Jail, as a defendant to the action.  In addition, he also reiterates his request that Sheriff Sam Page be added as a defendant.  Again, Plaintiff's request is based solely upon the supervisory authority both proposed defendants have over Rockingham County Jail.  Thus, Plaintiff's request is futile, as respondeat superior alone cannot serve as the basis for a claim made under Section 1983.  *See City of Canton,* 489 U.S. at 392; *Gordon,* 971 F.2d at 1097.  As such, Plaintiff's request is denied.

Plaintiff's fourth motion to amend [docket no. 77] reiterates his request for leave to add Captain Steele as a defendant to the action.  Unlike his previous request, Plaintiff does not base his request solely upon Captain Steele's supervisory position at the jail.  Instead, Plaintiff claims that Captain Steele was aware of Defendant's deliberate indifference to the condition of the jail's shower stalls.  As discussed below, however, Plaintiff's claims against Defendant do not meet the constitutional standard for deliberate indifference; and as a result, Plaintiff cannot successfully base his request to add Captain Steele as a defendant on Captain Steele's alleged awareness of Defendant's deliberate indifference.  As such,

6

Plaintiff's request to add Captain Steele as a defendant to the action would only delay the inevitable dismissal of Plaintiff's claim and thus should be denied. *See Healthsouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1011 (4th Cir. 1996).

Plaintiff's fourth motion to amend also contains a request to add the alleged supervisor of Rockingham County Jail's medical staff, Dr. Bumgarner, as a defendant to the action. As with many of Plaintiff's previous requests, this request rests solely upon Dr. Bumgarner's supervisory authority. Because respondeat superior alone cannot serve as the basis for a Section 1983 claim, Plaintiff's request is futile and should be denied. *See City of Canton,* 489 U.S. at 392; *Gordon,* 971 F.2d at 1097.

Finally, Plaintiff's fourth motion to amend contains a brief and vaguely drafted request to add additional claims based on the First Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Plaintiff's request merely lists the various constitutional provisions that he wishes to make claims under; he completely fails to provide any factual basis at all for any of the claims that he apparently wishes to make. Because Plaintiff failed to outline the basis for his constitutional claims, his request is futile and should be denied.

**Defendant's Motion for Summary Judgment**

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.

R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

Plaintiff alleges that the conditions of the showers at the jail were "hazardous" and that Defendant was deliberately indifferent to those conditions. Confinement conditions of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment prohibition

8

against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). As a practical matter, however, courts do not distinguish between the Eighth and Fourteenth Amendments in the context of a pretrial detainee's Section 1983 claim. *Hill v. Nicodemus*, 979 F.2d 987, 990-92 (4th Cir. 1992). An official's "'deliberate indifference'" to "a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). An Eighth Amendment deliberate indifference claim has both an objective and a subjective component. *Id.* at 834. The first, objective prong requires a plaintiff to prove that a defendant's action or inaction resulted in or created a significant risk of harm. *Id.* The subjective prong requires a plaintiff to prove that a defendant was "aware of facts from which the inference could be drawn that a substantial risk of harm exist[ed] and [that defendant drew] the inference." *Id.* at 837. If, however, an official with knowledge of a substantial risk to inmate safety responded reasonably to that risk, that defendant "cannot be found liable" for deliberate indifference, "even if the harm was ultimately not averted." *Id.* at 844-45.

Plaintiff has failed to satisfy either the objective or subjective component of the deliberate indifference inquiry. He has failed to provide sufficient evidence that Defendant's actions or inaction created a substantial risk of harm. Likewise, he has not provided sufficient evidence that Defendant was aware that the condition of the shower posed a substantial risk to inmate safety. In fact, Plaintiff's own testimony

9

establishes that Defendant's alleged failure to provide shower mats and cleaning supplies was reasonable under the circumstances.

Plaintiff claims that Defendant violated his constitutional rights by failing to address the dangerous and unsanitary conditions of the jail's showers. In his deposition, however, Plaintiff admits that upon admission to Rockingham County Jail, he was provided a pair of shower shoes, a toilet brush and a container of Ajax. Furthermore, Exhibit 1 to Plaintiff's deposition demonstrates that it is Rockingham County Jail policy to provide such items to inmates upon admission to the facility. The provision of shower shoes and cleaning supplies demonstrates that the jail staff was not indifferent to the risk posed by the jail's showers. Indeed, the policy of providing shower shoes and cleaning supplies demonstrates that the jail staff took reasonable measures to mitigate any potential risks. As a jail official, Defendant was certainly aware of these precautionary measures; and thus, his failure to respond to Plaintiff's specific request was reasonable under the circumstances, as Plaintiff's concerns had already been adequately addressed. The fact the Plaintiff disagreed with the means provided by the jail staff to maintain the showers and prevent inmate falls does not make his claim against Defendant rise to the level of a constitutional violation. Because the jail staff adequately addressed Plaintiff's grievances, Defendant's failure to comply with Plaintiff's particular requests was reasonable; and thus, he "cannot" be liable for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

**Plaintiff's Motion for a Temporary Restraining Order**

A temporary restraining order ("TRO") is an "extraordinary remedy" that should be issued only under limited circumstances. *Microstrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). The Fourth Circuit recently replaced the standard governing TROs with the four factor test outlined by the Supreme Court in *Winter v. Natural Res. Def. Council, Inc.,* 129 S. Ct. 365, 374 (2008). *See The Real Truth About Obama v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009). According to *Winter*, in order to receive a TRO, a Plaintiff must establish: (1) that he is likely to succeed on the merits ; (2) that he is likely to suffer irreparable harm in the absence of injunctive relief; (3) that the balance of the equities tips in his favor; and (4) that an injunction would be in the public interest. *Winter*, 129 S. Ct. at 374.

Plaintiff seeks a TRO ostensibly to prevent Defendant and Defendant's counsel from opening his mail, to prevent Marion Correctional Institution from opening his mail and also to enjoin Defendant and Marion Correctional Institution from discriminating against him based upon his initiation of the instant action.[1] Plaintiff's request fails to satisfy even the first requirement outlined by the Supreme Court in *Winter*. For the reasons articulated above, summary judgment should be

---

[1] Plaintiff was incarcerated in Rockingham County Jail as a pretrial detainee when the slip and fall occurred that is the subject of this action. While this action has been pending, Plaintiff has been moved to various correctional facilities. Presumably, Plaintiff is now incarcerated in Marion Correctional Institution; however, Plaintiff has not named Marion Correctional Institution as a party to this action. Therefore, this court does not have jurisdiction to grant a TRO with respect to Marion Correctional Institution. As such, the following discussion is limited to Plaintiff's request to enjoin Defendant's alleged behavior.

granted in Defendant's favor. As such, it is highly unlikely that Plaintiff will succeed on the merits; and thus, a TRO is not warranted. Therefore, Plaintiff's request for a TRO should be denied.

**Plaintiff's Motion for Appointment of Counsel**

Plaintiff's pending motion for appointment of counsel is the fifth that he has made since initiating this action; all of Plaintiff's previous requests have been denied. Because there is no constitutional right to assigned counsel in a civil case and because Plaintiff has still not shown the exceptional circumstances which would justify the court in assigning an attorney to the case, Plaintiff's request for counsel is denied.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion for summary judgment [docket no. 43] be **GRANTED,** and Plaintiff's motion for a temporary restraining order [docket no. 64] be **DENIED.** In addition, Plaintiff's motions to amend [docket nos. 59, 61, 71, 77] and request for appointment of counsel [docket no. 63] are hereby **DENIED.**

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
September 23, 2010